1998 ME 6

**John C. FRASER**

v.

**A SUPERIOR SNACK, INC.**

Supreme Judicial Court of Maine.

Argued Dec. 5, 1997.

Decided Jan. 5, 1998.

Douglas F. Jennings (orally), Augusta, for plaintiff.

Daniel C. Purdy (orally), Steven A. Little & Associates, Rockland, for defendant.

Andrew Ketterer, Attorney General, Linda Conti, Asst. Atty. Gen., Augusta, for amicus curiae, State of Maine Securities Administrator.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

PER CURIAM.

[¶ 1] A Superior Snack, Inc., appeals from the summary judgment entered in the Superior Court (Waldo County, *Calkins, J.*) in favor of John C. Fraser on his complaint for rescission of Superior's contract with Fraser. Superior contends that the court erred by applying to the contract a statute regulating the sale of business opportunities. We affirm the judgment.

[¶ 2] In August 1995 Fraser and Superior, a California corporation, entered into a written contract in which Superior agreed to assist Fraser to establish a vending route. Superior agreed to provide Fraser with two weeks of training and to establish fifty accounts with local businesses on his behalf. Fraser paid Superior $15,500. Superior did not supply Fraser with any of the snack foods to be sold by him, but rather acted as a broker between Fraser and the manufacturers.

[¶ 3] In September 1996 Fraser filed a complaint against Superior alleging a failure by Superior to comply with the statute regulating the sale of business opportunities, 32 M.R.S.A. §§ 4691 to 4700–B (1988 & Pamph. 1997).[1] After a hearing on cross-motions for a summary judgment, the court entered a judgment for Fraser and against Superior for $15,500 plus attorney fees, interest, and costs, on the ground that Superior had not registered with the securities administrator as required by section 4696 of the statute. This appeal followed.

[¶ 4] Superior's sole ground of defense in the trial court and on appeal is that the statute does not apply to its contract with Fraser. Superior relies on the undisputed facts that (1) it sold no products to Fraser, (2) it is not affiliated with any of the entities that did sell products to Fraser, and (3) it is not a distributor of the products. Superior's contention is plainly wrong. As relevant to this case, section 4691 requires that a transaction meet three criteria for it to fall within the statute: (1) that the transaction be a sale of any services for the purpose of enabling the purchaser to start a business; (2) that the purchaser pay an amount in excess of $250 for those services; and (3) that the seller represent that it will assist the purchaser by providing a sales or marketing program. 32 M.R.S.A. § 4691(3)(A)(5).

[¶ 5] While Fraser did not purchase from Superior the products to be sold, Fraser paid $15,500 for something. The contract between the parties refers repeatedly to Superior as the "seller." The disclosure sheet included with the contract refers to the "seller assisted marketing plan." In exchange for the payment of $15,500, Fraser was to

1. 32 M.R.S.A. § 4691 (Pamph.1997) provides in relevant part:

§ 4691. **Definitions**
As used in this chapter unless the context indicates otherwise the following terms shall have the following meanings.

. . . .

3. **Business opportunity.** Business opportunity means:
A. The sale, lease or distribution of any services, products, equipment, supplies, goods or commodities ... that are sold, leased or distributed by the seller or an affiliated person to the purchaser for the purpose of enabling the purchaser to start a business, for which the purchaser is required to pay an amount that exceeds $250 ... and in which the seller represents that:

. . . .

(5) The seller or an affiliated person will provide a sales program or marketing program[.]

receive a start-up kit, two weeks of training from a Superior representative, and Superior's assistance in establishing his first fifty accounts. There is no doubt that Superior sold its services to Fraser, i.e., its marketing plan and technical assistance, for the purpose of enabling Fraser to start a business.

[¶ 6] Because Superior could not reasonably believe that the statute does not apply to Fraser's contract, we conclude that this appeal is frivolous within the meaning of M.R. Civ. P. 76(f). Accordingly, we award treble costs on appeal. Attorney fees for the appeal will be awarded on remand pursuant to section 4700(6).

The entry is:

Judgment affirmed. Plaintiff John C. Fraser is awarded treble costs payable by defendant A Superior Snack, Inc., or its attorney. Remanded for the award of attorney fees for the appeal.